# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IQ HOLDINGS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-1770 |
| | § | |
| VILLA D'ESTE CONDOMINIUM | § | |
| OWNERS ASSOCIATION, INC., | § | |
| *et al.*, | § | |
|     Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| SAROJ GUPTA, *et al.*, | § | |
|     Third-Party Defendants. | § | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Remand [Doc. # 9] filed by Defendants Villa d'Este Condominium Owners Association ("Association") and its General Manager, Lee Blask. Plaintiff IQ Holdings, Inc. ("IQ") and Third-Party Defendants Saroj Gupta and Yohanne Gupta filed a Response [Doc. # 13], and Defendants filed a Reply [Doc. # 17]. Having considered the full record and the applicable legal authorities, the Court concludes that removal was improper and **grants** Defendants' Motion to Remand.

## I.  BACKGROUND

In 2006, Yohanne Gupta on behalf of IQ purchased a condominium unit ("the Unit") in Villa d'Este. In 2009, Yohanne Gupta and his mother, Saroj Gupta, purchased the Unit from IQ.

In January 2010, IQ filed a lawsuit in the 157th District Court of Harris County, Texas, against the Association and Blask seeking to obtain financial records from the Association. Blask and the Association filed a counterclaim against IQ and third-party claims against the Guptas seeking to exercise a right-of-first-refusal in connection with the 2009 transfer of the Unit from IQ to the Guptas.

On February 1, 2011, the parties in the state court litigation mediated the claims. The result of the mediation was a Rule 11 Settlement Agreement ("Settlement Agreement"). Paragraph 7 of the Settlement Agreement provided that the parties would return to the mediator, Diana Marshall, to arbitrate "any disputes regarding the drafting of the agreement and interpretation of the intent of the parties." *See* Settlement Agreement, Exh. D to Notice of Removal [Doc. # 1], ¶ 7.

The parties were unable to agree on the language of the final settlement document and, as a result, they arbitrated the disputed drafting issues. The Arbitrator issued an Arbitration Award that was later modified by a Final Arbitration Award. IQ and the Guptas disagreed with the Arbitrator's decision and refused to execute the final settlement document.

The Association and Blask, therefore, filed a Motion to Confirm Arbitration Award ("Motion to Confirm") in the Harris County lawsuit on April 29, 2011. The Association and Blask also supplemented their counterclaims and third-party claims in the underlying lawsuit to request declaratory relief, specific performance of the Settlement Agreement, and an award of attorneys' fees and costs.

On May 9, 2011, IQ and the Guptas filed a Notice of Removal, asserting that the Court has jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). Defendants filed their Motion to Remand, which has been fully briefed and is ripe for decision.

## II.   ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

IQ and the Guptas assert that the Motion to Confirm filed in the state court lawsuit is removable under § 205 of the Convention. IQ and the Guptas argue also that the supplemental counterclaims and third-party claims seeking declaratory relief, specific enforcement of the Settlement Agreement, and fees and costs are "separate and independent" claims that are removable under the Convention through 28 U.S.C. § 1441(c). Consequently, removal of both the Motion to Confirm and the supplemental counterclaims and third-party claims rely on the Convention as the basis for subject matter and removal jurisdiction.

> Section 205 of the Convention provides, in relevant part:
>
> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, **the defendant or the defendants** may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205 (emphasis added). Recently, Judge Sim Lake concluded in a well-reasoned decision that section 205 "provides no jurisdiction for removal" where the removing party is not the defendant but is, instead, a third-party defendant. *See Kinder Morgan La. Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd.*, 752 F. Supp.

2d 772, 778 (S.D. Tex. 2010) (Lake, J.).[1] This Court agrees. The Convention on its face permits only a "defendant" to remove a state court case to federal court, and there is no rational basis to interpret the removal provision in § 205 differently from the interpretation given the same language in the general removal statute, 28 U.S.C. § 1441(a). Section 1441(a) is generally interpreted to include only actual defendants in its removal jurisdiction. *See id.* (citing *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 751, 752 (N.D. Tex. 2001)). This interpretation of the removal language in § 1441(a), and application of the same interpretation to the comparable removal language in § 205, is consistent with the United States Supreme Court's admonition that removal statutes should be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (holding that a plaintiff/counter-defendant was not a "defendant" for purposes of § 1441(a)'s removal jurisdiction). Because IQ is the plaintiff in the underlying lawsuit and the Guptas are third-party defendants, they are not entitled to invoke the removal jurisdiction of § 205 of the Convention.

---

[1] The Fifth Circuit in a recent mandamus proceeding reversed a district court's denial of a motion to remand based on the Convention, holding that a cross-defendant is not entitled to invoke the Convention's right of removal. *See In re Crystal Power Co., Ltd.*, __ F.3d __, 2011 WL 944371 (5th Cir. Mar. 21, 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). The Fifth Circuit reconsidered its mandamus jurisdiction and, deciding that mandamus jurisdiction did not exist, withdrew the opinion. Having been withdrawn, the opinion no longer provides legal authority but, instead, provides analysis for this Court to consider in reaching its independent decision.

IQ and the Guptas argue that the supplemental counterclaims and third-party claims are separate and independent claims removable with the Motion to Confirm pursuant to 28 U.S.C. § 1441(c). Section 1441(c) provides:

> Whenever a **separate and independent claim** or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). A federal claim is separate and independent for purposes of § 1441(c) "if it involves an obligation distinct from the nonremovable claims in the case." *Kinder Morgan*, 752 F. Supp. 2d at 779 (citing *Amer. Fire & Casualty Co. v. Finn,* 341 U.S. 6 (1951)).

In this case, the Motion to Confirm and the supplemental pleadings seeking specific performance of the Settlement Agreement and to recover fees and costs are not separate and independent. Unlike the situation in *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 4453170 (S.D. Tex. Sept. 26, 2008) (Rosenthal, J.), and the cases cited therein, this case does not involve a claim for indemnity – a claim generally considered to be separate and independent for purposes of § 1441(c). Instead, the Motion to Confirm and the supplemental pleadings seek virtually the same relief – to have the state court require IQ and the Guptas to comply with the requirements of the Settlement Agreement to execute a final agreement in the form ordered by the

Arbitrator. As a result, the claims are not "separate and independent," and § 1441(c) does not provide a basis for removal.

Because there is no removal jurisdiction under either the Convention or under § 1441(c), the removed matters must be remanded to the Texas state court.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards does not provide a basis for Plaintiff and Third-Party Defendants to remove this matter. The supplemental claims are not separate and independent from the non-removable Motion to Confirm and, therefore, removal under § 1441(c) is not proper. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Remand [Doc. # 9] is **GRANTED**. This case is remanded to the **157th Judicial District Court of Harris County, Texas**, for lack of subject matter jurisdiction.

The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 29th day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge